**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN PATRICK FORWARD,<br>Plaintiff,<br><br>v.<br><br>DYLAN CLAY KNIGHT, *et al.*,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil No. 5:26-cv-02975-JLS |

## MEMORANDUM

**SCHMEHL, J. - */s/ JLS*** **SEPTEMBER 15, 2026**

John Forward sued Dylan Knight and Western Express, claiming Knight's tractor-trailer violently struck Forward's tractor-trailer while Forward lay in his sleeper. Forward claimed negligence, negligent entrustment, and negligent hiring, training, and supervision. He also seeks punitive damages. Knight and Western Express filed a partial motion to dismiss, asking the Court to dismiss and strike the claims of recklessness, willful, and intentional conduct and the request for punitive damages; dismiss and strike the claims for negligent hiring, training, and supervision and negligent entrustment against Western Express; and order Forward to file a more definite statement about specific allegations. Mot. to Dismiss, Dkt. No. 9. Forward opposed the motion. Resp., Dkt. No. 12. For the following reasons, the Court grants the motion in part and denies it as moot in part.

## I. BACKGROUND

In July 2024, John Forward was laying within his tractor-trailer's sleeper when Dylan Knight "violently struck" Forward's tractor-trailer twice while parking. Compl. ¶¶ 5–6, Dkt. No. 1-1. The impact caused Forward to be "violently thrown about the sleeper portion of his truck," resulting in "serious and permanent injuries." Compl. ¶¶ 6, 16. Some of those injuries included

shoulder tears, neck pain, muscle spasms, and pinched nerves. Compl. ¶ 17. Those injuries—and Knight's alleged conduct—caused Forward "great bodily pain, disability, suffering, mental anguish, humiliation, shock, depression, distress, permanent scarring and injury to his nerves and nervous system, and may continue to suffer the same into the future, all to his great financial and personal detriment and loss." Compl. ¶ 19.

Forward sued Knight and his employer, Western Express, in Pennsylvania state court. *See* Compl. Knight and Western Express removed to federal district court, Notice of Removal, Dkt. No. 1, and then filed a motion and memorandum for partial dismissal under Federal Rule of Civil Procedure 12(b)(6), to strike under Federal Rule of Civil Procedure 12(f), and for a more definitive statement under Federal Rule of Civil Procedure 12(e), *see* Mot. to Dismiss, Dkt. No. 9; Mem., Dkt. No. 9-2. Forward opposed the motion, *see* Resp., Dkt. No. 12, and Knight and Western Express replied, *see* Reply, Dkt. No. 13.

## II. LEGAL STANDARDS

Three legal standards govern the requested reliefs. First, under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Id.* at 678–79. A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant

[1] Forward argues the Rule 12(b)(6) standard is whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Resp. 2 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), *overruled by Twombly*, 550 U.S. 41). But that language, according to the Supreme Court, "earned its retirement" nearly two decades ago. *Twombly*, 550 U.S. at 563. The Court sees no reason to recall it to the workforce.

is liable for the misconduct alleged." *Id.* at 678. The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Second, under Rule 12(f), a district court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Immaterial content "has no essential or important relationship to the claim for relief." *Giuliani v. Polysciences, Inc.*, 275 F. Supp. 3d 564, 572 (E.D. Pa. 2017) (quoting *Donnelly v. Commonwealth Fin. Sys.*, No. 07-cv-1881, 2008 WL 762085, at *4 (M.D. Pa. Mar. 20, 2008)). Striking a pleading is such a "drastic remedy" that motions to strike are disfavored and "usually will be denied." *Carson v. Tucker*, No. 20-cv-00399, 2020 WL 1953655, at *4 (E.D. Pa. Apr. 23, 2020) (cleaned up).

Third, under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." These motions are also disfavored, lest they substitute for discovery. *See Carson*, 2020 WL 1953655, at *4. But they are appropriate in "the rare case where because of the vagueness or ambiguity of the pleading," the defendant "will not be able to frame a responsive pleading." *Schaedler v. Reading Eagle Publ'n*, 370 F.2d 795, 798 (3d Cir. 1966). The Third Circuit has highlighted, in the qualified immunity context, "the particular usefulness of the Rule 12(e) motion," calling it "perhaps the best procedural tool available to the defendant to obtain the factual basis underlying the plaintiff's claim for relief." *Thomas v. Indep. Township*, 463 F.3d 285, 301 (3d Cir. 2006).

## III. DISCUSSION

### A. Forward's claims for punitive damages.

Knight and Western Express seek dismissal of the punitive damages claim against them, arguing Forward failed to plead plausible allegations related to their conduct and subjective mindset. Mem. 4–7. Under Pennsylvania law, "punitive damages are an extreme remedy available in only the most exceptional matters." *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005) (cleaned up). "Such damages are appropriate 'where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct.'" *Dwyer v. Ameriprise Fin., Inc.*, 313 A.3d 969, 980–81 (Pa. 2024) (quoting *Hutchinson ex rel. Hutchinson v. Luddy*, 570 A.2d 766, 770 (Pa. 2005). Applying this Pennsylvania substantive law, the Eastern District of Pennsylvania has required plaintiffs to plead "something more" than negligence. *See, e.g.*, *Carson v. Tucker*, No. 20-cv-00399, 2020 WL 4015244, at *3 (E.D. Pa. July 16, 2020); *Babenko v. Dillon*, No. 19-cv-00199, 2019 WL 3548833, at *3 (E.D. Pa. Aug. 5, 2019).

Forward failed to plead something more. When describing the incident, he pleaded only that Knight "violently struck [his] tractor-trailer twice while attempting to park resulting in Plaintiff Forward being violently thrown about the sleeper portion of his truck." Compl. ¶ 6. In other parts of his complaint, he says Knight operated the vehicle at an excessive or unsafe speed, failed to apply the brakes, and engaged in other types of unsafe driving. Compl. ¶ 38. But these are basic negligent acts—"simple allegations limited only to a defendant failing to comply with traffic law"—that are insufficient for punitive damages. *Carson*, 2020 WL 4015244, at *3.

Moreover, Forward failed to plead sufficient facts about Knight's state of mind. Under Pennsylvania substantive law, "a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the

plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchison*, 870 A.2d at 772. Here, the complaint contains no specific factual allegations to support that Knight "had the necessary mental state of either intent or reckless indifference to justify punitive damages." *Carson*, 2020 WL 4015244, at *4. It instead contains conclusory statements unsupported by specific facts. *See, e.g.*, Compl. ¶ 27 (claiming Knight was "operating said vehicle at a speed which was excessive under the circumstances" without offering any details about the actual or approximate speed). Such allegations are insufficient.

The punitive damages claim against Western Express fares no better. Forward's complaint repeats the allegations against Knight but adds that Western Express "negligently entrust[ed] one known to have a propensity for" the allegations and "knew or should have known that Defendant Dylan Clay Knight had a propensity for" the allegations. Compl. ¶¶ 38, 52. As discussed, those allegations were insufficient to assert punitive damages against Knight; the same is true against Western Express. *See Carson*, 2020 WL 1953655, at *9. Like with the complaint in *Carson*, "there is no factual evidence to show Western Express was specifically aware of the risks posed." *Id.*

Forward fails to distinguish—or even discuss—*Carson*. He instead argues he adequately pleaded punitive damages under Pennsylvania procedural law. In fact, aside from citing *Conley*'s retired Rule 12(b)(6) standard, he cites only Pennsylvania state cases. *See* Resp. 4–7. He focuses on *Monroe v. CBH20, LP*, 286 A.3d 785 (Pa. 2022), asserting *Monroe* permits general averments of recklessness and that the current motion "constitutes a complete waste of judicial economy." Resp. 7.[2] But *Monroe* applied the Pennsylvania procedural rules. *See Monroe*, 286 A.3d at 799

---

[2] Forward quotes from a Westlaw headnote in *Monroe* but says it is what the "*Monroe* Court stated." *Compare* Resp. 5 ("Because gross negligence and recklessness are states of mind rather than independent causes of action, the procedural rules allow a tort plaintiff to plead gross

(Thus, *our* procedural rules allow the plaintiff to plead gross negligence and recklessness generally. *See* Rule 1019(b)." (emphasis added)). The Court must apply the federal procedural rules. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Forward fails to argue these federal procedural rules, which require plausibility and specificity. The claims cannot proceed as pleaded and are dismissed without prejudice.

Knight and Western Express also seek to strike any references to reckless, willful, and intentional conduct. Mem. 4. Because the Court has dismissed punitive damages claims against Knight and Western Express, any reference to reckless, willful, and intentional conduct have no essential or important nexus to the requested relief and are thus immaterial. *See Giuliani*, 275 F. Supp. 3d at 572. The terms are stricken.

**B. Forward's claims against Western Express for negligent hiring, training, and superivising and for negligent entrustment.**

Knight and Western Express next seek dismissal of the negligent hiring, training, and supervising and negligent entrustment claims against Western Express. Starting with hiring, training, and supervising claim, "[f]or direct liability under the common law for failure to supervise, Pennsylvania uses the standard set forth in the Second Restatement of Torts." *Oldham v. Pa. State Univ.*, 138 F.4th 731, 755 (3d Cir. 2025) (citing *Dempsey v. Walso Bureau, Inc.*, 246 A.2d 418, 419–20 (Pa. 1968). "That standard limits such a claim in several respects, including that liability attaches only when the employee acts outside of the scope of his employment while on

---

negligence and recklessness generally, citing Pa.R.Civ.P. 1019(b)."), *with Monroe*, 286 A.3d at 799 ("In other words, gross negligence and recklessness are states of mind; they are forms of negligence, not independent causes of action. Thus, our procedural rules allow the plaintiff to plead gross negligence and recklessness generally."). Headnotes lack "the force of law," *Georgia v. Pub. Res. Org, Inc.*, 590 U.S. 255, 265 (2020), and any citations to them should be identified as such.

his employer's premises or while using his employer's chattels." *Id.* Forward's complaint never alleges that Knight acted "outside the scope of his employment." *Id.* It in fact does exactly the opposite, alleging that "[a]t all times material hereto" Knight "was acting in the course and scope of his employment and/or agency." Compl. ¶ 10. In his response, Forward omits any reference to his negligent hiring, training, and supervision claim, and he does not argue that Knight acted outside his employment's scope. Forward's negligent hiring, training, and supervising claim against Western Express is therefore dismissed and references to it stricken.

Moving to the negligent or reckless entrustment claim, Pennsylvania uses the Restatement (Second) of Torts and imposes liability "upon a defendant because of his or her own actions in relation to the instrumentality or activity under his or her control." *Ferry v. Fisher*, 709 A.2d 399, 403 (Pa. Super. Ct. 1998). In this context, Forward must allege that Western Express "entrusted a vehicle to a person [it] knew or had reason to know was incompetent or likely to drive improperly." *Perez v. Bardo*, No. 11-cv-376, 2011 WL 941380, at *3 (E.D. Pa. Mar. 17, 2011). But Forward has failed to allege any facts to support a plausible claim of negligent entrustment by Western Express. He instead "makes . . . naked legal assertion[s] that [Western Express] was negligent without cloaking that assertion in any facts." *Brearey v. Ramsahai*, No. 24-cv-01693, 2024 WL 2848297, at *2 (E.D. Pa. June 5, 2024).

For example, he alleges that Western Express "negligently entrust[ed] one known to have a propensity for operating said motor vehicle in an unsafe and unreasonable manner." Compl. ¶ 38. But that fails to include any fact about how Western Express knew or had reason to know Knight had a propensity for operating a tractor-trailer in an unsafe and unreasonable manner. As Judge Kenney put it, "Without allegations of inferior training by [the employer], prior misconduct by [the driver], or other claims which show [the driver's] ill fitness for the job such that [the employer]

knew or should have known that [the driver] would pose a danger to other drivers, Plaintiff's claims of negligence are threadbare." *Brearey*, 2024 WL 2848297, at *2.

Forward argues that his "highly specific allegations go far beyond the federal notice pleading requirements." Mem. 9. But the allegations lack factual specificity, containing nothing related to how, why, or in what manner Western Express knew or had reason to know Knight was an incompetent driver. The negligent entrustment claim against Western Express is dismissed and references to it stricken.

**C. Knight and Western Express's request for more definitive statements.**

Knight and Western Express seek an order requesting a more definitive statement related to four paragraphs of the complaint. In paragraphs 27, 38, and 52, Knight and Western Express object to the phrase *inter alia* in the following sentence: "The aforesaid accident was caused by the negligence, carelessness and recklessness of Defendant [Dylan Clay Knight/Western Express, Inc.], [jointly and/or severally,] and consisted, inter alia, of the following." They also seek a more definitive statement about paragraph 52.m, which claims "Defendants Western Express, Inc. knew or should have known Defendant Dylan Clay Knight to have a propensity for violating the motor vehicle code of Pennsylvania," and paragraph 52.n, which claims "Defendants Western Express, Inc. knew or should have known Defendant Dylan Clay Knight to have a propensity for failing to obey the Rules of the Road and the laws of the Commonwealth of Pennsylvania which constitutes negligence per se; including violations of the Pennsylvania Motor Vehicle Code."

The Court above dismissed the negligent hiring, training, and supervising and the negligent entrustment claims against Western Express. Those claims comprise paragraphs 37–61 of the

complaint. The request for more definitive statements pertaining to paragraphs 38, 52, 52.m, and 52.n—all of which are contained within now-dismissed claims—is therefore moot and denied.

The request for a more definitive statement in paragraph 27 is granted. Prefacing specific allegations with the phrase *inter alia* implies that there are other allegations. If there are, Forward must specifically allege those allegations and supporting facts too, so Knight and Western Express can respond to the allegations. *See Carson*, 2020 WL 1953655, at *6 (ordering a more definitive statement when plaintiff alleged "such other acts . . . as may be discovered"); *Pozarlik v. Camelback Assocs., Inc.*, No. 11-cv-1349, 2011 WL 6003841, at *3 (M.D. Pa. Nov. 30, 2011) (ordering a more definitive statement when plaintiff alleged claims "including but not limited to" certain theories and "such other negligence, if any, that will be ascertained during discovery").

Forward's defense of his allegations fall flat. He first argues that Knight and Western Express rely "upon a series of unreported cases which are not jurisdictional within the Eastern District of Pennsylvania." Resp. 9–10. True, Knight and Western Express invoke many Middle District of Pennsylvania cases. *See* Mem. Supp. Mot. to Dismiss 10–13 (citing *Pozarlik*, 2012 WL 6003841; *Maya v. Chertok*, No. 15-cv-00484, 2015 WL 5254377 (M.D. Pa. Sept. 9, 2015); *Fuhrman v. Mawyer*, No. 21-cv-02024, 2022 WL 2318687 (M.D. Pa. June 28, 2022); *Williams v. CW Transp., LLC*, No. 21-CcvV-01044, 2021 WL 6197801 (M.D. Pa. Dec. 31, 2021)). But they also cite *Carson* at least eight times in their Rule 12(e) section, and *Carson* is from our district.

Forward failed to distinguish persuasive cases from this or other districts. In fact, he neither discusses nor even cites a single case when responding to the request for a more definitive statement. *See* Resp. 9–11. He instead block quotes his complaint, arguing "all of these allegations will be further explored in discovery" and the complaint "is more than sufficient and incorporates prior allegations with its incorporation clause." Mem. Opp. Mot. to Dismiss 10, 11. But just as Rule

12(e) motions should not substitute for discovery, *see Carson*, 2020 WL 1953655, at *4, discovery should not substitute for adequate pleadings. As written, Forward's pleadings are inadequate, and the motion for a more definitive statement is granted as to paragraph 27 and denied as moot as to paragraphs 38, 52, 52.m, and 52.n.

## IV. CONCLUSION

The punitive damages claims against Knight and Western Express are dismissed without prejudice, and the motion to strike is granted. The negligent hiring, training, and supervising and the negligent entrustment claims against Western Express are dismissed without prejudice, and the motion to strike is granted. If discovery reveals further facts that would invite new claims or revive old ones, then Forward will be permitted to amend the complaint. The motion for a more definitive statement is granted for paragraph 27 and denied as moot for paragraphs 38, 52, 52.m, and 52.n.